

# Fourth Court of Appeals
## San Antonio, Texas

### JUDGMENT

No. 04-20-00611-CV

**INTEREST OF L.J.L. and J.W.L.**, Minor Children

From the 407th Judicial District Court, Bexar County, Texas
Trial Court No. 2016-CI-08129
Honorable Angelica Jimenez, Judge Presiding

BEFORE CHIEF JUSTICE MARTINEZ, JUSTICE ALVAREZ, AND JUSTICE RODRIGUEZ

In accordance with this court's opinion of this date, we affirm the parties' Rule 11 agreement as modified.

We MODIFY the trial court's November 20, 2020 Order Modifying Parent-Child Relationship as follows:

On page 5 of the Order Modifying Parent-Child Relationship, under Exclusive Rights & Duty of CHRISTY B. LITTLE subsection 1., we strike the words "without restriction."

On page 6, we strike the section titled Passport Provisions.

On page 6, under Required Court Ordered Therapy for JUSTIN W. LITTLE subsection a., we strike 1) the stated location of DBT therapy, 2) the requirement "to include group and individual therapy," and 3) the requirement to begin "no later than October 29, 2020." On page 7, under subsections c. and d., we replace Dr. Richard Theis with Dr. Murphey.

On page 7 under Obligation to Present Move to Arkansas in a Positive Manner to Children, we strike the words "his agents, servants, employees, and attorneys; and those persons in active concert or participation with him who receives actual notice of this Order by personal service or otherwise and specifically including the current spouse of JUSTIN W. LITTLE, who is EMILY LITTLE." We replace them with the words "his current wife, and Mr. Little's family members."

On page 8, we strike Possession Order subsection (c) Possession Through the End of 2020.

On page 8, we strike the language under subsection (d) referring to the regular school term as well as the language referring to school recessing and resuming. We replace it with language from the rendered judgment referring to weekends beginning at 6 p.m. on Friday and ending at 6 p.m. on

Sunday. If there is a three-day weekend available, whether a Friday or a Monday holiday, Appellant would then be entitled to the three-day period of possession to end at 6 p.m. on Monday.

On page 8, under subsection (d), we strike the words "JUSTIN W. LITTLE shall give CHRISTY B. LITTLE fourteen days' written notice on OUR FAMILY WIZARD preceding a designated weekend. The weekends chosen shall not conflict with the provisions regarding Christmas, Thanksgiving, Summer, the child's birthday, and Mother's Day possession below."

On page 9, we strike the words "in the locale in which the children reside." We replace them with the words "in Arkansas."

On page 9, under subpart 2., we strike the words "If JUSTIN W. LITTLE gives CHRISTY B. LITTLE written notice by February 1st of a year specifying an extended period or periods of summer possession for that year." We strike the words "no later than seven days before school resumes." We strike the words "to be exercised as specified in the written notice. These periods of possession shall begin and end at 6:00 P.M."

On page 9, we strike subpart 3. We also strike subsection (g).

On page 11, we strike subparts 1. and 2. of subsection (h) General Terms and Conditions.

On page 12, under subpart 8. Costs to Exercise Periods of Possession by JUSTIN W. LITTLE, we strike the words "costs associated in any manner with his exercise of his long distance periods of possession of the children provided herein." We replace them with "transportation costs."

On page 12, we strike the section titled Undesignated Periods of Possession.

On page 12, we strike the section titled Child Support.

On page 13, we strike the section titled Medical Support & Obligation to Provide Health insurance Coverage. We replace it with a section titled Children's Counseling and Expenses, with the following stipulations from the Rule 11 agreement: Once in Arkansas, the children must engage in counseling with a Ph.D.-level therapist. The therapist will determine how often the visits should occur. Dad must pay one hundred percent of the uninsured portion of the children's counseling expenses.

On page 13, under Use of Our Family Wizard Program by Conservators, we preserve the second paragraph and strike the rest.

On page 14, under Injunctive Relief, we strike the second paragraph.

On pages 17-19, we strike the Required Notices section.

On page 19, under Resolution and Severance of Tort Claims Against Respondent, we strike the words "IT IS ORDERED that the tort claims asserted by CHRISTY B. LITTLE against JUSTIN W. LITTLE for the intentional, willful, or reckless infliction of emotional distress of Petitioner by

Respondent are hereby severed from this cause of action." We also strike the words "and Severance" from the section title.

On page 19, we strike the section titled Release and Return of Cellular Telephone Number to Petitioner by Respondent

On page 19, under Attorney's Fees and Expenses, we strike both paragraphs and insert the following language from the Rule 11 transcript: For the work performed for CHRISTY B. LITTLE'S attorney's fees, JUSTIN W. LITTLE is to pay JANE FREEMAN DEYESO $60,000 upon entry of the modification order.

We MODIFY the trial court's November 20, 2020 Protective Order as follows:

On page 3, we strike the words "Agreement for Personal Jurisdiction," "interim," "and Litigation Expenses."

On page 4, under subsection 1., we strike the language stating "including, but not limited to, seeking a lifetime PROTECTIVE ORDER against JUSTIN W. LITTLE."

On page 4, under subsection 2., we strike the language stating "consents to submit himself to the personal jurisdiction of the Court where CHRISTY B. LITTLE may reside at the time." We also strike the language stating "as interim attorney's fees and litigation expenses following the initiation by her of that suit, to be paid within ten (10) days of the filing of that suit."

We tax costs of court for this appeal against Christy B. Little.

SIGNED June 29, 2022.

Patricia O. Alvarez, Justice